```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
OSCAR G. MERCADO MENDOZA, FRANKLIN
ORTIZ, and NOHVIS REYES, individually
and on behalf of all other persons
similarly situated,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
          -against-                           14-CV-3416(JS)(GRB)

LITTLE LUKE, INC. d/b/a PEDESTALS
FLORIST; and PHILIP SAMMUT, jointly
and severally,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Justin A. Zeller, Esq.
                    Brandon David Sherr, Esq.
                    The Law Office of Justin
                       A. Zeller, P.C.
                    277 Broadway, Suite 408
                    New York, NY 10007

For Defendants:     Jonathan Michael Bardavid, Esq.
                    Jael Dumornay, Esq.
                    Trivella & Forte, LLP
                    1311 Mamaroneck Ave, Suite 170
                    White Plains, NY 10605
```

SEYBERT, District Judge:

Plaintiffs Oscar G. Mercado Mendoza ("Mendoza"), Franklin Ortiz ("Ortiz"), and Nohvis Reyes ("Reyes," and together with Ortiz and Mendoza, "Plaintiffs") commenced this putative collective and class action on May 30, 2014 against defendants Little Luke, Inc. ("Little Luke") and Philip Sammut ("Sammut," and together with Little Luke, "Defendants"), asserting several violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201 et seq., and the New York Labor Law ("NYLL"), N.Y. LAB. LAW § 190 et seq. Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Docket Entry 21.) For the following reasons, Defendants' motion to dismiss is DENIED.

BACKGROUND[2]

Little Luke is a New York corporation doing business as Pedestals Florist ("Pedestals") in Garden City Park, New York. (Am. Compl., Docket Entry 19, ¶¶ 10, 14.) Sammut is an "owner, officer, and manager" of the business. (Am. Compl. ¶ 15.) Defendants employed Plaintiffs as florists at Pedestals. Plaintiffs bring this action on behalf of themselves and other similarly situated employees alleging various violations of the FLSA and the NYLL. Plaintiffs specifically claim that Defendants failed to: (1) pay overtime compensation and minimum wage; (2) pay uniform maintenance as required by the NYLL; and (3) post and provide certain notices required by the FLSA and the NYLL.

---

[1] Defendants moved to dismiss Plaintiffs' original Complaint on August 1, 2014. (Docket Entry 13.) In response, Plaintiffs filed the Amended Complaint on August 13, 2014. (Docket Entry 19.) Accordingly, Defendants' motion to dismiss the original Complaint is DENIED AS MOOT.

[2] The following facts are taken from the Amended Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

The Amended Complaint alleges that Plaintiffs "worked in excess of forty hours many workweeks" but that Defendants "willfully failed to pay [them] overtime compensation of one and one-half times their regular rate of pay" as required by the FLSA and the NYLL. (Am. Compl. ¶ 39.) The Amended Complaint contains generalized allegations regarding Plaintiffs' work hours--specifically, that Mendoza worked between twenty-five and eighty hours per week; that Ortiz worked between eighty and ninety hours per week during the busy season each year (i.e., "approximately from April until November each year"); and that Reyes worked approximately seventy hours per week during the busy season each year and "up to forty-seven and one-half hours per week during the off season each year." (Am. Compl. ¶¶ 23, 28, 34.) In addition to these generalized allegations, the Amended Complaint also approximates each Plaintiff's weekly hours at various points of his employment by identifying specific start and end times for each day of work. Many of these approximations total well in excess of forty hours per specific weeks. (See, e.g., Am. Compl. ¶ 23 (alleging that in May 2012, Mendoza worked "approximately from 7:00 a.m. until between 5:00 and 6:00 p.m. on Sundays and approximately from 7:00 a.m. until mostly 6:00 p.m. but also often until 7:00 p.m. from Monday through Friday each week"); Am. Compl. ¶ 28 (alleging that during the busy seasons after 2009, Ortiz worked "approximately from 8:00 a.m. until 4:00 p.m. on Mondays,

3

approximately from 8:00 a.m. until between 4:00 and 6:00 p.m. on Wednesdays and Thursdays, approximately from 7:00 a.m. until between 6:00 and 8:00 p.m. on Fridays and Saturdays, and approximately from 7:00 a.m. until between 7:00 and 8:00 p.m. during approximately two Sundays per month"); Am. Compl. ¶ 34 (alleging that during the busy season each year, Reyes worked "approximately from between 7:30 and 8:00 a.m. until 1:00 or 2:00 p.m. on Sundays and approximately from between 7:30 and 8:00 a.m. until between 6:00 and 8:00 p.m. on Tuesdays through Saturdays").)

The Amended Complaint further alleges that Defendants did not pay Ortiz any wages during his last workweek and did not pay Reyes any wages during his last two workweeks. (Am Compl. ¶¶ 31, 37.) Defendants also required Plaintiffs to wear company uniforms. However, Defendants "did not launder or maintain" the uniforms, and they "willfully failed to pay an allowance to the [P]laintiffs for uniform maintenance." (Am. Compl. ¶ 40.) Instead, Plaintiffs laundered and maintained the required uniforms at their own expense. (Am. Compl. ¶ 40.) Finally, Defendants also allegedly "failed to provide" Plaintiffs with "a notice and acknowledgement at the time of hiring" and "a statement with each payment of wages," and "failed to post or keep posted notices explaining the minimum wage rights of employees under the [FLSA] and the [NYLL]." (Am. Compl. ¶¶ 43-45.)

4

On August 27, 2014, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 21.) Defendants' motion to dismiss is currently pending before the Court.

## DISCUSSION

The Court will first set forth the applicable legal standard before turning to Defendants' motion more specifically.

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Harris v. Mills, 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

5

II. <u>Unpaid Overtime</u>

Subject to some exceptions, the FLSA and the NYLL require employers to compensate their employees at an overtime rate of one and one-half times their regular hourly rates for all hours worked in excess of forty hours per week.  See 29 U.S.C. § 207(a)(1); N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.  Defendants argue that Plaintiffs have not adequately pleaded their unpaid overtime claims under a trio of recent Second Circuit decisions applying the <u>Twombly</u>/<u>Iqbal</u> pleading standard to FLSA overtime claims.  See <u>DeJesus v. HF Mgmt. Servs., LLC</u>, 726 F.3d 85 (2d Cir. 2013); <u>Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc.</u>, 723 F.3d 192 (2d Cir. 2013); <u>Lundy v. Catholic Health Sys. of Long Island, Inc.</u>, 711 F.3d 106 (2d Cir. 2013).  The Court disagrees.

In <u>Lundy</u>, the Second Circuit advised that "to survive a motion to dismiss [an unpaid overtime claim], [a] [p]laintiff[ ] must allege sufficient factual matter to state a plausible claim that [he or she] worked compensable overtime in a workweek longer than 40 hours."  711 F.3d at 114.  Applying this standard, the Second Circuit held that the plaintiffs in <u>Lundy</u> failed to state plausible unpaid overtime claims because they had "not alleged a single workweek in which they worked at least 40 hours and also

6

worked uncompensated time in excess of 40 hours."[3]  711 F.3d at 114.  For example, one of the plaintiffs alleged that she was "typically" scheduled to work 37.5 hours per week, but that she may have worked more than forty hours per week due to an occasional extra 12.5-hour shift, missed meal breaks, training and staff meetings, and working before or after her scheduled shifts.  Id. at 114-15.  The Second Circuit found these allegations insufficient, explaining:

> [The plaintiff] has not alleged that she ever completely missed all three meal breaks in a week, or that she also worked a full 15 minutes of uncompensated time around every shift; but even if she did, she would have alleged a total 39 hours and 45 minutes worked.  A monthly 30-minute staff meeting, an installment of the ten yearly hours of training, or an additional or longer shift could theoretically put her over the 40-hour mark in one or another unspecified week (or weeks); but her allegations supply nothing but low-octane fuel for speculation, not the plausible claim that is required.

Id. at 115 (emphasis omitted).  In short, the factual allegations "failed because of arithmetic: tallying the plausible factual allegations, [the court] could not get beyond forty hours in any given week, and therefore to a plausible claim for overtime."  DeJesus, 726 F.3d at 89.

---

[3] The undersigned issued the underlying orders dismissing the plaintiffs' unpaid overtime claims that the Second Circuit subsequently affirmed in Lundy.

7

The Second Circuit revisited the pleading standard for unpaid overtime claims shortly thereafter in Nakahata. There, the Second Circuit again affirmed a district court's dismissal of unpaid overtime claims because the plaintiffs "merely alleged that they were not paid for overtime hours worked." Nakahata, 723 F.3d at 201. Although the plaintiffs alleged that they "were not compensated for work performed during meal breaks, before and after shifts, or during required trainings," the complaint did not include "any allegation that [the] [p]laintiffs were scheduled to work forty hours in a given week" and therefore failed to state an overtime claim. Id.

In Nakahata, the Second Circuit expanded on Lundy, explaining that a plaintiff "must provide sufficient detail about the length and frequency of [his or her] unpaid work to support a reasonable inference that [he or she] worked more than forty hours in a given week." Id. However, the Second Circuit also noted that "[w]hat aspects of [the] [p]laintiffs' position, pay, or dates of employment are necessary to state a plausible claim for relief consistent with [Nakahata] and Lundy is a case-specific inquiry for the trial court," and "generalized allegations that may prove false at trial are not necessarily the basis for dismissal at the pleadings stage." Id. (emphasis in original) (citations omitted).

Finally, in DeJesus, the Second Circuit again affirmed a district court's dismissal of an unpaid overtime claim because

8

the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content." 726 F.3d at 89. "[H]er complaint was devoid of any numbers to consider beyond those plucked from the statute. She alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation." Id. Stated another way, the plaintiff's allegations were not sufficient because her "complaint [only] tracked the statutory language of the FLSA, lifting its numbers and rehashing its formulation, but alleging no particular facts sufficient to raise a plausible inference of an FLSA overtime violation." Id.

The DeJesus court also clarified that Lundy did not make an "approximation of overtime hours a necessity in all cases." Id. at 88 (quoting Lundy, 711 F.3d at 114). Instead, the Second Circuit advised that an approximation "'may help draw a plaintiff's claim closer to plausibility.'" Id. (quoting Lundy 711 F.3d at 114 n.7). In other words, "Lundy's requirement that plaintiffs must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" Id. at 90 (citation omitted). Rather, "it was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974).

9

Following the Second Circuit's decisions in Lundy, Nakahata, and DeJesus, several district courts have denied motions to dismiss unpaid overtime claims where the plaintiffs alleged that they regularly worked forty per week and also approximated their number of overtime hours. See, e.g., Leon v. Port Wash. Union Free Sch. Dist., --- F. Supp. 3d ----, 2014 WL 4948640, at *4 (E.D.N.Y. Sept. 30, 2014) (denying motion to dismiss unpaid overtime claim where the plaintiff alleged "that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week--namely 1 1/2 to 2 hours per week"); Di Simone v. CN Plumbing, Inc., No. 13-CV-5088, 2014 WL 1281728, at *4 (E.D.N.Y. Mar. 31, 2014) (denying motion to dismiss unpaid overtime claim where the plaintiff "identifie[d] specific projects that [he] worked on and the approximate dates he worked those projects, and allege[d] that he typically worked over 40 hours per week on each of these projects and was not appropriately compensated (or compensated at all) for [his] overtime hours"); Litras v. PVM Int'l Corp., No. 11-CV-5695, 2013 WL 4118482, at *7 (E.D.N.Y. Aug. 15, 2013) (denying motion to dismiss unpaid overtime claim where the plaintiff "attached to the amended complaint . . . a chart that allege[d] the number of hours plaintiff worked each workday," which was "replete with specific dates and an estimation of the number of hours that she worked on

10

each specific date (along with the start and end time of her work for each date listed)").

Other district courts have dismissed unpaid overtime claims where the plaintiffs made generalized and imprecise allegations regarding their hours. See, e.g., Johnson v. Equinox Holdings, Inc., No. 13-CV-6313, 2014 WL 3058438, at *4 (S.D.N.Y. July 2, 2014) (dismissing unpaid overtime claim where the plaintiff "relie[d] solely upon the Complaint's allegation that between 2006 and 2011 he 'typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock'"); Perkins v. 199 SEIU United Healthcare Workers E., --- F. Supp. 3d ----, 2014 WL 4651951, at *8 (S.D.N.Y. Sept. 17, 2014) (dismissing unpaid overtime claim where the plaintiff only alleged that "'[a]t all relevant times' since 2008, he 'was assigned and actually worked more than 40 hours per week,' and that the [defendant] failed to pay him overtime compensation" (alteration in original) (citations omitted)); Bustillos v. Acad. Bus, LLC, No. 13-CV-0565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (dismissing unpaid overtime claim where the plaintiff only alleged "that his schedule 'varied' and he 'would regularly work from 60 to 90 hours per week'" (citations omitted)).

Here, the Amended Complaint does not suffer from the same pleading deficiencies of the complaints in Lundy, Nakahata, DeJesus, and the other district court cases dismissing unpaid

11

overtime claims. The problem with those complaints was that they were so general in their allegations that it was not clear whether any of the plaintiffs ever worked more than forty hours in any week. In sharp contrast, the Amended Complaint here approximates each Plaintiff's weekly hours at various points of his employment along with specific start and end times for each day of work. Thus, the Amended Complaint does much more than simply "track[ ] the statutory language of the FLSA, lifting its numbers and rehashing its formulation." DeJesus, 726 F.3d at 89. Furthermore, the Amended Complaint also provides additional factual context from which the Court may infer that Defendants failed to pay proper overtime, specifically: (1) that Reyes and Ortiz worked longer hours during Little Luke's busy seasons; and (2) that Defendants did not pay Reyes at all for his last two workweeks, one of which he alleges he worked sixty hours. Thus, the Court finds that Plaintiffs have adequately pleaded unpaid overtime claims. Accordingly, the Court DENIES Defendants' motion to dismiss insofar as it seeks dismissal of Plaintiffs' unpaid overtime claims.[4]

---

[4] Defendants also asked the Court to decline to extend supplemental jurisdiction over Plaintiffs' New York state law labor claims in the event that Plaintiffs' FLSA claims were dismissed. (Defs.' Br., Docket Entry 23, at 18-21.) However, since the Court has not dismissed all of Plaintiffs' FLSA claims, Defendants' supplemental jurisdiction argument is rendered moot. See Chen v. Major League Baseball, No. 13-CV-5494, 2014 WL 1230006, at 461 n.12 (S.D.N.Y. Mar. 25, 2014)

III. <u>Minimum Wage</u>

Defendants urge the Court to dismiss Plaintiffs' minimum wage claim because, according to Defendants, "the Amended Complaint does not contain a scintilla of evidence to support a claim that Plaintiffs were not paid the minimum wage." (Defs.' Br. at 12.) The Court disagrees. The FLSA and the NYLL require employers to pay their employees a minimum wage, which are currently $7.25 per hour under the FLSA and $8.75 per hour under the NYLL. <u>See</u> 29 U.S.C. § 206(a)(1)(C); N.Y. Lab. Law § 652(1). Here, the Amended Complaint alleges that Defendants did not pay Ortiz for his last workweek and that Defendants did not pay Reyes for his last two workweeks. Thus, the Amended Complaint plausibly alleges that Defendants failed to pay Ortiz and Reyes minimum wage. Accordingly, the Court DENIES Defendants' motion to dismiss insofar as it seeks dismissal of Plaintiffs' minimum wage claims.[5]

IV. <u>Uniform Maintenance</u>

Plaintiffs also allege that Defendants failed to provide a uniform maintenance allowance in violation of the NYLL. Under New York's Minimum Wage Order for Miscellaneous Industries and

---

("This Court had subject-matter jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).").

[5] The Court notes that the Amended Complaint does not state a minimum wage claim with respect to Mendoza.

Occupations (the "Wage Order"), "[w]here an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee [a specified maintenance and laundering allowance] in addition to the minimum wage." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.5(c). The Wage Order defines "required uniform" as "clothing worn by an employee, at the request of the employer, while performing job-related duties." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.22. However, "clothing that may be worn as part of an employee's ordinary wardrobe" is not included in the definition of "required uniform." N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.22.

As a preliminary matter, Defendants argue that "[t]here are no allegations regarding whether [Plaintiffs] worked in an industry subject to the [Wage Order]." (Defs.' Br. at 14.) However, the Wage Order is a miscellaneous regulation that "appl[ies] to industries whose employees are not covered by a specific minimum wage order promulgated by the New York Commissioner of Labor." Jin v. Pac. Buffet House, Inc., No. 06-CV-0579, 2009 WL 2601995, at *4 (E.D.N.Y. Aug. 24, 2009) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-1.1(a) ("This Part shall apply to all employees, as such term is defined in this Part, except: (a) employees who are covered by minimum wage standards in any other minimum wage order promulgated by the commissioner . . . .")). The Court is unaware of, and Defendants

14

have not identified, any separate wage order or regulation that would cover a florist. The Wage Order therefore applies here.

Defendants also argue that Plaintiffs' claim "is insufficiently pled and merely recites the [Wage Order]." (Defs.' Br. at 13.) The Court disagrees. The Amended Complaint plainly alleges that Defendants required Plaintiffs to wear uniforms, specifically, "shirt with logos," and that Defendants "did not launder or maintain" the shirts. (Am. Compl. ¶¶ 40, 42.) These allegations may not be detailed, but they are sufficient at this stage to state a claim that Defendants failed to provide a uniform maintenance allowance in violation of the Wage Order. See Ramirez v. CSJ & Co., No. 06-CV-13677, 2007 WL 700831, at *2 (S.D.N.Y. Mar. 6, 2007) ("Although I am sorely tempted, given current dress norms, to hold that a blue T-shirt bearing a deli's name and logo is clothing that may be worn as part of an employee's ordinary wardrobe, the question probably is better decided by a trier of fact than as a matter of law." (internal quotation marks omitted)). Accordingly, the Court DENIES Defendants' motion to dismiss insofar as it seeks dismissal of Plaintiffs' uniform maintenance allowance claim under the NYLL.

V. Individual Liability Against Sammut

Finally, Defendants argue that Plaintiffs have not pleaded facts sufficient to hold Defendant Sammut individually

15

liable under the FLSA and the NYLL. (Defs.' Br. at 14-18.) The Court disagrees.

To be held liable under the FLSA, a person must be an "employer," which the FLSA defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citing 29 U.S.C. § 203(d)). The FLSA does not further define "employer."[6] The Second Circuit has stated that "[e]vidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status." Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013). Rather, "[i]ndividual liability under the FLSA is premised upon personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act." Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).

---

[6] The NYLL defines "employer" as "any person . . . employing any individual in any occupation, industry, trade, business or service." N.Y. LAB. LAW § 190(3). However, "[d]istrict courts in this Circuit have interpreted the definition of employer under the New York Labor Law coextensively with the definition used by the FLSA." Sethi v. Narod, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (internal quotation marks and citations omitted). Accordingly, the Court will conduct a singular analysis of Plaintiffs' claims against Sammut under the FLSA and the NYLL using the FLSA standard. See Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 134 (S.D.N.Y. 2014)

16

Thus, the Second Circuit employs the "economic reality" test, which looks at "the totality of the circumstances and consider[s] whether the alleged employer '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Id. (quoting Herman, 172 F.3d at 139).

Defendants argue that the claims against Sammut should be dismissed because Plaintiffs allege that Sammut is "an employer under the FLSA based solely on his title or position." (Defs.' Br. at 17.) This is incorrect. In addition to alleging that Sammut is "an owner, officer, and manager," the Amended Complaint also alleges that Sammut "established . . . the wages and hours of [Little Luke's] employees," "furnished employees their wages each week," and "hired employees," including Plaintiffs Ortiz and Reyes. (Am. Compl. ¶¶ 15, 17-19.) These allegations state a plausible claim that Sammut is an employer under the FLSA and the NYLL. See Coffin v. MRI Enters., No. 11-CV-2453, 2014 WL 5363855, at *3 (E.D.N.Y. Oct. 21, 2014) (finding that the plaintiff plausibly alleged that individuals defendants were employers under the FLSA and the NYLL where they alleged that the individual defendants were "owners, officers, and members of the boards [the corporate defendants] and had power over personnel and payroll decisions at both companies, including the power to hire and fire

17

employees, establish and pay wages, set work schedules, and maintain employment records"); see also Shim v. Millennium Grp., No. 08-CV-4022, 2010 WL 409949, at *2 (E.D.N.Y. Jan. 27, 2010) (finding both individual defendants and corporation liable under the FLSA where complaint contained allegations of employment actions taken collectively by the defendants). Accordingly, the Court DENIES Defendants' motion to dismiss insofar as it seeks dismissal of the claims against Sammut.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint (Docket Entry 21) is DENIED. Defendants' motion to dismiss the original Complaint (Docket Entry 13) is DENIED AS MOOT.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  6 , 2015
       Central Islip, New York