UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR G. MERCADO MENDOZA,
FRANKLIN ORTIZ, and NOHVIS REYES,
on behalf of himself and all
others similarly situated,

                      Plaintiffs,         **MEMORANDUM & ORDER**
         -against-                           CV 14-3416 (JS)(AYS)

LITTLE LUKE, INC., D/B/A PEDESTALS
FLORIST; and PHILLIP SAMMUT; jointly
and severally,
                      Defendants.
------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      Plaintiffs Oscar Mercado Mendoza ("Mendoza"), Franklin Ortiz ("Ortiz"), and Nohvis Reyes ("Reyes") (collectively "Plaintiffs") commenced this action seeking unpaid overtime compensation and other damages in connection with alleged labor law violations pursuant to the Fair Labor Standards Act of 1938 ("FLSA") and the New York State Labor Law ("NYLL"). Named as Defendants are corporate defendants Little Luke, Inc., ("Little Luke") d/b/a Pedestals Florist, and individual defendant Philip Sammut ("Sammut") (collectively "Defendants").

      Presently before the court is Plaintiffs' motion to have this matter conditionally certified as a collective action. Plaintiffs additionally seek approval of a form of notice advising employees of their right to opt-in to the action, and authorizing the sending and/or posting of such notice to putative members. Defendants oppose both the motion for collective certification and the proposed form of notice.

1

For the reasons set forth below, Plaintiffs' motion for conditional collective action certification is granted to the extent that the collective certified shall consist of florists employed by the Defendant within three years prior to the date of the Complaint. With regard to the form of notice, this court's "Notice Form" is attached, and is the presumptively correct form to be used in cases before this court where a collective is certified. Counsel are directed to confer regarding the language of this notice. Any proposed or agreed upon changes to this court's form are to be submitted for review, along with an explanation as to why the change is necessary.

## BACKGROUND

I. Facts

The following facts are drawn from Plaintiffs' Amended Complaint and factual affidavits submitted by the three named Plaintiffs and four opt-in Plaintiffs. See Amended Complaint, dated August 13, 2014, appearing as Docket Entry ["DE"] 19("Am. Compl."); Affidavit of Jose Sebastian Chuc Garcia, dated March 19, 2015 [DE 53] (the "Garcia Aff."); Affidaivt of Eduin Istanly Flores Barahona, dated Mach 20, 2015 [DE 54] (the "Barahona Aff."); Affidavit of German Omar Galvez Castillo, dated March 20, 2015 [DE 55] (the "Galvez Castillo Aff."); Affidavit of Oscar G. Mercado Mendoza, dated May 12, 2015 [DE 56] (the "Mendoza Aff."); Affidavit of Franklin Ortiz, dated May 13, 2015 [DE 57] (the "Ortiz Aff."); Affidavit of Santos Alexis Ponce Castillo, dated May 19, 2015 [DE 58] (the "Ponce Castillo Aff."); and Affidavit of Nohvis Reyes, dated May 13, 2015 [DE 59] (the "Reyes Aff.").

Little Luke is a New York corporation doing business in Garden City Park, New York under the name Pedestals Florist ("Pedestals"). See Am. Compl. ¶¶ 10, 14. Sammut is an "owner, officer, and manager" of the business. Am. Compl. ¶ 15. Defendants, who were

employed as florists at Pedestals, commenced this action on behalf of themselves and others similarly situated. Plaintiffs assert claims pursuant to the FLSA and the NYLL alleging that Defendants failed to: (1) pay overtime compensation and minimum wage; (2) pay uniform maintenance as required by the NYLL; and (3) post and provide certain notices required by the FLSA and the NYLL.

The Amended Complaint alleges that while Plaintiffs "worked in excess of forty hours many workweeks," Defendants "willfully failed to pay [them] overtime compensation of one and one-half times their regular rate of pay," as required by the FLSA and the NYLL. Am. Compl. ¶ 39. The Amended Complaint contains factual allegations regarding Plaintiffs' claims of overtime hours worked. Specifically, it is alleged that Plaintiff Mendoza worked between twenty-five and eighty hours per week; that Plaintiff Ortiz worked between eighty and ninety hours per week during the busy season each year ("approximately from April until November each year"); and that Plaintiff Reyes worked approximately seventy hours per week during the busy season each year. Am. Compl. ¶¶ 23, 28, 34.

In addition to these generalized allegations, the Amended Complaint approximates each Plaintiff's weekly hours during various times of employment by identifying specific start and end times for each day of work. Many of these approximations total well in excess of forty hours for specific weeks. See, e.g., Am. Compl. ¶ 23 (alleging that in May 2012, Mendoza worked "approximately from 7:00 a.m. until between 5:00 and 6:00 p.m. on Sundays and approximately from 7:00 a.m. until mostly 6:00 p.m. but also often until 7:00 p.m. from Monday through Friday each week"); Am. Compl. ¶ 28 (alleging that during the busy seasons after 2009, Ortiz worked "approximately from 8:00 a.m. until 4:00 p.m. on Mondays, approximately from 8:00 a.m. until between 4:00 and 6:00 p.m. on Wednesdays and Thursdays, approximately from

3

7:00 a.m. until between 6:00 and 8:00 p.m. on Fridays and Saturdays, and approximately from 7:00 a.m. until between 7:00 and 8:00 p.m. during approximately two Sundays per month"); Am. Compl. ¶ 34 (alleging that during the busy season each year, Reyes worked "approximately from between 7:30 and 8:00 a.m. until 1:00 or 2:00 p.m. on Sundays and approximately from between 7:30 and 8:00 a.m. until between 6:00 and 8:00 p.m. on Tuesdays through Saturdays). In addition to wages claims based upon overtime hours, it is alleged that Defendants owe unpaid straight time wages to Ortiz and Reyes.

II. Prior Proceedings

On August 27, 2014, Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). DE 21. Defendants' motion to dismiss was denied and the Amended Complaint is now operative. DE 29.

DISCUSSION

I. Conditional Collective Action Certification: Legal Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages on behalf of himself, as well as other similarly situated employees. Such similarly situated employees may become parties to an FLSA action upon giving consent in writing to become parties, which consent is filed in the court in which the action is brought. 29 U.S.C. § 216(b); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003).

4

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are "similarly situated." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007). If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or "opt-in" to the class. Rubery, 569 F. Supp. 2d at 336; see 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly situated. Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); Bifulco, 262 F.R.D. at 212. "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Id. (quotations and citations omitted).

The instant motion concerns only the first step, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," Rubery, 569 F. Supp. 2d at 336, and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.' " Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (quoting Hoffmann v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013). Courts in this district and elsewhere routinely reject attempts to limit certification based on job function. See, e.g., Ritz v. Mike Rory Corp., 2013 WL 1799974, at *2 (E.D.N.Y. 2013) (rejecting limiting conditional class to bartenders and instead,

5

including all tipped service workers in conditional class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions).

It is further improper to require a showing that members of the collective have the same job duties where, as here, there is no question as to the "employee" status of members of the proposed collective. This case is distinguishable from those where the collective certification issue turns on whether members of the proposed collective share a common status entitling them to labor law protection. In such cases, where the employment status of the proposed collective members is in question, the Second Circuit has held that courts must consider factors relating to each potential class member's job function before Section 216(b)'s "similarly situated" requirement is satisfied.

Thus, for example, in Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) the Second Circuit held that the trial court must consider commonality of job function when determining whether the proposed collective members share the same status as FLSA non-exempt employees entitled to the protection of the statute. Myers, 624 F.3d at 555. Myers thus stands for the proposition that job duties must be considered when determining whether the proposed collective members are similarly non-exempt employees subject to protection of the labor laws.

Similarly and more recently in Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376 (2d Cir. 2015), the Second Circuit considered job functions in connection with review of a

6

district court's decision to certify a collective. There, the Second Circuit looked to particular job functions when determining the threshold issue of whether the proposed collective of unpaid interns were, in fact, employees who were entitled to the wage protections set forth in federal and state labor laws. See Glatt, 791 F.3d at 381 (noting that "strictures of both the FLSA and NYLL apply only to employees" and noting that those not properly classified as employees were "beyond the reach of the FLSA's minimum wage provision"). In Glatt, as in Myers, the Second Circuit held that consideration of job duties and responsibilities was necessary to the proper determination of whether plaintiffs set forth a proper FLSA collective.

Here, in contrast to Myers and Glatt, there is no issue with respect to whether members of the putative collective are non-exempt employees. Instead, the question is whether Plaintiffs, who are clearly described as non-exempt employees, have made the showing necessary to certify a collective by showing they were subject to the same unlawful wage policies. That this focus is appropriate is made even clearer by the fact that Defendants do not assert any defense based upon Plaintiffs' alleged status as employees covered by FLSA and the NYLL.

As to the level of proof required, Courts have repeatedly stated that Section 216(b)'s "similarly situated" requirement is "considerably less stringent" than the requirements for class certification under Federal Rule of Civil Procedure 23. Rodolico v. Unisys Corp., 199 F.R.D. 468, 481 (E.D.N.Y. 2001) (citing cases). This showing requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan . . . ." Sexton v. Franklin First Fin., Ltd., 2009 WL 1706535, at *3 (E.D.N.Y. 2009) (quoting Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005)). The standard of proof is low because the purpose of this first stage is merely to determine

whether "similarly situated" plaintiffs exist. Trinidad, 962 F. Supp. 2d at 553. Notably, courts in the Second Circuit have granted conditional certification for overtime claims based only on the statements of the named plaintiff, with or without additional supporting affidavits. See Velasquez v. Digital Page, Inc., 2014 WL 2048425, at *8 (E.D.N.Y. 2014) (collecting cases); see also Iriarte v. Redwood Deli & Catering, Inc., 2008 WL 2622929, at *3 (E.D.N.Y 2008).

It is important to note that courts do not require proof of an actual FLSA violation to certify a collective, "but rather that a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (quoting Wraga v. Marble Lite, Inc., 2006 WL 2443554, at *1 (E.D.N.Y. 2006)). This determination is typically "based on the pleadings, affidavits and declarations" submitted by the plaintiffs. See Sexton, 2009 WL 1706535, at *7 (quoting Hens v. ClientLogic Operating Corp., 2006 WL 2795620, at *3 (W.D.N.Y. 2006)); see also Hallissey v. Am. Online, Inc., 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."). The Court does not weigh the merits of the plaintiffs' underlying claims, resolve factual disputes, or evaluate credibility at this stage. Morris v. Lettire Const. Corp., 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012).

II.     Disposition of the Motion

   A.     The Parties' Positions

Plaintiffs seek to conditionally certify a collective consisting of all individuals who were employed by Defendants during the three years period prior to the date of the filing of the complaint herein. See DE 52 ("Pl. Mem. in Supp.") at 4; DE 51-1 ("Plaintiff's Notice of Lawsuit") at 1. In support of the motion Plaintiffs submit a memorandum of law, affidavits of

the named Plaintiffs as well as those of four individuals who have already elected to opt-in to this case (the "Opt-in Plaintiffs").

Defendants' opposition to Plaintiffs' motion asserts that that the seven affidavits submitted are insufficient to require certification because they fail to demonstrate that Plaintiffs and those they seek to include in the proposed collective had similar duties, worked similar hours or were subject to any unlawful companywide wage and hour policy. See DE 62 ("Def. Mem. in Opp.") at 6-8. Defendants additionally argue that Plaintiffs' affidavits identify former employees who did not actually work for the Defendants during the time period in question. They argue further that Plaintiffs' affidavits are inaccurate because many of the overtime hours alleged to have been worked identify hours when the Defendant business was, in fact, closed. Id.

Plaintiffs counter that the Amended Complaint, along with the seven factually detailed affidavits submitted, are factually sufficient to meet the lenient evidentiary standard required at this stage of the proceedings. DE 60 ("Reply Memo in Supp.") at 4. Plaintiffs further argue that they and the putative plaintiffs are similarly situated because all were victims of a common policy or plan in violation of the law, in that each worked in excess of forty hours and were not paid overtime wages. Id. at 8. Plaintiffs additionally assert that the Defendants' arguments regarding the veracity of allegations as to specific times and dates of employment go to merits of the claims, and are irrelevant to the conditional certification issue. Id. at 10.

B.  Plaintiffs' Showing is Factually Sufficient

Turning first to the issue of the factual sufficiency of Plaintiffs' motion, the court reiterates that for purposes of conditional certification, it is not necessary for pleadings and affidavits to show that prospective class members performed the same duties, the issue is whether they were "subject to the same policy." Cano v. Four M Food Corp., 2009 WL

5710143, at *7 (E.D.N.Y. 2009) (collecting cases); see also Colozzi v. St. Joseph's Hospital Health Ctr., 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ("similarly situated analysis" focuses "upon the features which make the particular policy or practice unlawful").

As to hours worked and a common policy of failure to pay proper wages, the Amended Complaint specifically states, "[t]he plaintiffs and party plaintiffs worked in excess of forty hours many workweeks, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay." Am. Compl ¶ 39. While Defendants assert, on one hand, that Plaintiffs' motion does not contain a single allegation regarding any policy or practice employed by Defendants to deprive Plaintiffs of wages, they concede, as they must, that the crux of Plaintiffs' allegations is "that the plaintiffs worked for defendants in excess of forty hours per workweek during many workweeks and were never paid for overtime compensation for the hours worked." Def. Mem. in Opp. at 7. Hence, even the Amended Complaint adequately asserts that the Defendants had a plan or scheme to deprive Plaintiffs of overtime payment as required by law.

Even if the allegations of the Amended Complaint were not enough to support the factual showing required at this stage of the proceedings there is no doubt that consideration of the seven submitted affidavits put Plaintiffs' showing well over the showing of a common wage policy required to grant conditional collective certification. Contrary to Defendants' assertion that the affidavits were conclusory, every affiant testifies as to hours worked, and many provide specific schedules.

Indeed, each of the seven affiants testify that he or she was a florist who worked for the Defendants. Additionally, each state that, at least during a busy period, they worked over

forty hours per week and were not paid the overtime rate of one and half time the base pay rate. See DE 53 ("Chuc Garcia Aff.") at ¶¶ 6, 7 (stating he worked greater than 60 hours per week, and more hours from approximately April until November each year); DE 54 ("Flores Barahona Aff.") at ¶¶ 5, 7 (describing hours worked each day, which at times totaled over 40 hours a week, and stating overtime pay was never received for those hours); DE 55 ("Galvez Castillo Aff.") at ¶¶ 5, 7 (describing the hours he worked each day and stating that he never received overtime pay); DE 56 ("Mercado Mendoza Aff.") at ¶¶ 5, 8 (describing the hours he worked per week, which at times equaled approximately 76 hours, and stating that he never received overtime pay); DE 57 ("Franklin Ortiz Aff.") at ¶¶ 5, 8 (describing the hours he worked per week, which at times equaled approximately 83 hours, and stating that he never received overtime pay); DE 58 ("Ponce Castillo Aff.") at ¶¶ 5, 7 (describing the hours he worked per week, which at times totaled over 55 hours, and stating that he never received overtime pay); DE 59 ("Nohvis Reyes Aff.") at ¶¶ 5, 7 (describing the hours he worked per week, which at times totaled approximately 70 hours, and stating that he never received overtime pay).

The court further notes that many of the affidavits submitted in support of the motion include details as to the affiant's observations of other florists who worked in excess of forty hours per week and reference names of others who told the affiant they did not receive overtime payment for hours worked in excess of forty hours. See id. Specifically, Plaintiffs' motion and the affidavits submitted in support thereof state names of those with whom they spoke and the time frames of such conversations. See Chuc Garcia Aff. at ¶ 8 (identifying by first name six other florists and stating that he spoke to at least one of them regarding the fact that they were not receiving overtime wages); Flores Barahona Aff. at ¶ 8 (stating that he

11

knew another florist named Jose was not receiving overtime because they discussed it); Galvez Castillo Aff. at ¶ 8 (naming 14 other florists who he witnessed work approximately greater than forty hours per week during the busy season, all of whom he conversations with regarding the fact that they were not receiving overtime); Mercado Mendoza Aff. at ¶¶ 9–10 (stating that he witnessed approximately ten other florists who worked greater than fifty hours per week during the busy season, that he knew none of them received overtime pay because he discussed that fact with them); Franklin Ortiz Aff. at ¶¶ 10–11 (identifying by first name ten other florists who worked over sixty hours per week during the busy season, explaining that he observed the hours they worked, and stating he knew they were not payed overtime based on conversations with them); Ponce Castillo Aff. at ¶ 8 (identifying ten other florists by, at least, first name that he observed working approximately greater than forty hours, stating that he knew the defendants did not pay any of them overtime based on conversations he had with them, and stating that he and another florist named Darwin complained to the Defendants regarding the lack of overtime pay); Nohvis Reyes Aff. at ¶ 8 (identifying by first name six other florists that he witnessed working in excess of forty hours and stating that he knew they did not get paid overtime based on conversations he had with them).

As to the issue of whether affiant observations and conversations regarding potential class members is sufficient to support certification of a collective, courts in this circuit have agreed that they are. Thus, it is often held that conditional certification of a collective action based on the affiant's observations of and conversations with other potential class members can satisfy the low burden required to demonstrate that the plaintiffs and "potential plaintiffs together were victims of a common policy or plan that violated the law.' " See Robles v. Liberty Rest. Supply, Corp., 2013 WL 6684954, at *11 (E.D.N.Y. 2013) (citations and

internal quotations omitted). This is true even if the sole support lies within one lone affidavit. See Iriarte, 2008 WL 2622929, at *2-3. Additionally, the fact that identification of potential class members by only first name is not fatal to the motion. Hernandez v. Immortal Rise, Inc., 2012 WL 4369746, at *4 (E.D.N.Y. 2012). Here, in accord with this case law, this court holds that the seven corroborative affidavits are more than sufficient to support the factual showing required to be made in connection with the present motion.

As a final matter regarding the sufficiency of the affidavits submitted, the court addresses Defendants' reliance on the two thoroughly distinguishable cases of Feng v. Hampshire Times, 2015 WL 1061973, at *3 (S.D.N.Y. 2015) and Mata v. Foodbridge LLC, 2015 WL 3457293, at *1 (S.D.N.Y. 2015). In Feng, each of the affidavits submitted in support of the collective action certification motion stated that the affiants were "unaware" of any similarly situated employees. Denying the motion, the court in Feng noted that while plaintiff's burden was low, it was not "non-existent." Feng, 2015 WL 1061973, at *3 (quoting Fraticelli v. MSG Holdings, L.P., 2014 WL 1807105, at *1 (S.D.N.Y. 2014) (citation omitted). In sharp contrast to Feng, the affidavits here are from seven different people and contained detailed and corroborated factual statements, including observations of other florists working over forty hours per week, and conversations revealing an unlawful payment policy. Mata v. Foodbridge LLC, 2015 WL 3457293, at *1 (S.D.N.Y. 2015) is equally distinguishable. There, a single affidavit was submitted in support of a plaintiff's motion to conditionally certify a class. Denying the motion, the court noted that while plaintiff referenced "observations of and conversations" with other employees, he failed to provide any details regarding the facts alleged. Id. at *4. The court additionally highlighted that plaintiff's reliance on a single affidavit warranted a close inspection of the facts contained

therein. Id. Here, unlike the submission in Mata, Plaintiffs rely on seven corroborative affidavits containing details as to observations and conversations.

        C.        <u>Defendants' Arguments as to the Merits Do Not Require Denial of the Motion</u>

In addition to the arguments rejected above, Defendants argue that certification should not be granted because after a New York State Department of Labor ("NYSDL") investigation, Defendants paid all amounts determined by the NYSDL to be due and owing to its employees, and updated its pay practices to ensure compliance with applicable wage and hour laws. Defendants further argue that certification is improper because their time keeping system supports Defendants' position that many of the proposed plaintiffs did not actually work for the Defendants during the time period in question. Finally, Defendants attack the accuracy of Plaintiffs' affidavits with respect to the overtime hours alleged to have been worked. See Def. Mot. in Opp. at 9.

While Defendants' argument will certainly be explored during the course of discovery, and may lead to judgment in their favor as to some or all of the claims, their arguments go to the merits of the case and are not properly interposed in connection with the present motion. Indeed, the Court does not weigh the merits of the plaintiffs' underlying claims, resolve factual disputes, or evaluate credibility at this stage. Morris v. Lettire Const. Corp., 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012). Thus, where, as here, the court has found that the evidence submitted in support of a collective certification motion is adequate, Defendants' arguments regarding the merits of the action cannot be relied upon to defeat the conditional certification motion. Hernandez, 2012 WL 4369746, at *4; Feng, 2015 WL 1061973, at *2.

Having found the Plaintiffs' affidavits sufficient to support their motion, the court turns to determine the proper scope of the collective to be certified.

D. The Scope of the Collective is Limited to Florists

As noted, Plaintiffs seek to conditionally certify a much broader collective than all florists who worked for the Defendants during the time frame alleged. Instead, Plaintiffs request conditional certification of a class that includes "all employees." While job functions do not need to be scrutinized at this juncture, the Plaintiffs must come forward with a factual showing that the members sought to be included within the proposed collective were all victims of a common unlawful policy. While Plaintiffs have properly made such a showing in support of a claim to include all florists within their class, the showing for either "all employees" or even all "deliverymen" is inadequate.

At the outset the court notes that Plaintiffs' include no statement in support of a claim to include "all employees" within the proposed collective. As to inclusion of deliverymen, Plaintiffs can point only to statements contained in the single affidavit of Plaintiff Mendoza. Specifically, the Mendoza affidavit states:

> The defendants employed approximately between twenty and twenty-five deliverymen. During the busy season, approximately between ten and fifteen of the deliverymen worked approximately from 10:00 a.m. until 4:00 a.m. on Fridays and Saturdays and approximately from 10:00 a.m. until 4:00 p.m. per day during three other days of the week each week. Some of the drivers who had been working for the defendants the longest told me that the defendants paid them $12.00 per hour. Thus, I believe that the defendants did not pay any deliverymen more than $12.00 per hour. The defendants did not pay the deliverymen the overtime compensation of one and one-half times their regular rate of pay. I know the defendants did not pay the deliverymen the overtime compensation because we discussed this fact. Some of the deliverymen's names are Bryan, Eddie, Luis, Gio, Calayo, Chiquito, Roy and Manquiuso.

Mendoza Aff. ¶¶ 10.

15

Although Mendoza states that he "knew between ten and fifteen deliverymen" worked from approximately 10:00 a.m. until 4:00 a.m., he does not explain how he knew that information. The Mendoza affidavit also states that some of the deliverymen told him they were paid $12.00 an hour – an amount well in excess of any minimum wage. While Mendoza states that he "knows" that deliverymen were not paid overtime wages, and sets forth the names of certain employees, he fails to make any factual statement as to hours actually worked by any of those identified. Nor does he state whether any of the deliverymen with whom he spoke were, in fact, the same deliverymen who are alleged to have worked in excess of forty weekly hours. Moreover, the only observations Mendoza refers to is that he "observed the defendants paid these other employees in the same manner as defendants paid me, specifically they were not separately paid overtime premium for the hours worked in excess of forty per workweek." Mendoza Aff. at ¶11.

Mendoza includes neither documents nor specific testimony to support his observation. Further, not a single delivery man has submitted an affidavit in support of conditional certification, and no other affidavits corroborate the Mendoza affidavit with respect to deliverymen. Just as in Feng, there is not enough a factual showing to support a motion to conditionally certify all deliverymen, and certainly not enough to conditionally certify a class of any employees other than florists. Feng, 2015 WL 1061973, at *3-4.

For the foregoing reasons, the Court holds that the Plaintiffs have made the factual showing required to support a motion to conditional certify only a collective of florists employed by the Defendants in the three years prior to the filing of the Complaint. Accordingly, that motion is granted only to that extent and denied with respect to inclusion of either "all employees" or all "deliverymen."

E.  Form of Notice

The Plaintiffs have submitted a "Notice of Lawsuit" for this Court's approval. Defendants have objected to the form on various grounds. The Court will not entertain the proffered arguments at this time, and has, instead, attached a "Notice Form" to be used in this case. Parties are directed to confer regarding the use of this notice, and any changes to this form are to be submitted for court review along with an explanation as to why the proposed change is necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification as an FLSA collective action pursuant to Section 216(b) is granted, subject to the limitations discussed above. The collective shall be limited to employees who worked as florists for the Defendants after May 30, 2011 until May 30, 2014. The motion to conditionally certify a collective encompassing other employees is denied without prejudice to a renewal thereof upon submission of additional support of their motion. Parties are directed to confer regarding the use of the attached notice, and any changes to this form are to be submitted for court review along with an explanation as to why the proposed change is necessary.

Dated: Central Islip, New York
       October 9, 2015

                      /s/ Anne Y. Shields
                      Anne Y. Shields
                      United States Magistrate Judge